EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA, State Bar No. 186751
Supervising Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2198
 Fax: (619) 645-2191
 Email: Kevin.Vienna@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DMITRI VALLERVEICH TATARINOV,**<br><br>                    Petitioner,<br><br>    v.<br><br>**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO,**<br><br>                    Respondents. | 07cv2034 JAH (POR)<br><br>**NOTICE OF RELATED CASES** |

    By this Notice, Respondent seeks to advise the Court of a pending related case.

    On the same day Petitioner Tatarinov filed the pending petition in this case, he also filed a petition in case number 07cv2033 L (NLS).

    As in the current case, Respondent has filed a request for an extension of time in case number 07cv2033. (Attachment A.) That request for an extension of time sets forth a number of issues that are shared by the two cases, as discussed below, and Respondent expects to work on the two cases jointly.

///

In the pending case, case number 07cv2034, Tatarinov challenges a 1996 conviction in San Diego Superior Court for the crime of robbery. The essence of that claim is that he received ineffective assistance of counsel, who failed to file a timely brief on appeal, resulting in dismissal. Tatarinov filed a habeas corpus petition in this Court, challenging that underlying judgment, in 2002, in case number 02cv2029-W (BEN). Ultimately, that petition was dismissed as untimely, and a subsequent appeal was denied by the United States Court of Appeal for the Ninth Circuit, case number 03-56342.

For the petition in case number 07cv2033, Tatarinov challenges a 1998 conviction in San Diego Superior Court for petty theft with a prior theft related offense. Tatarinov pled guilty to the crime and was sentenced to thirty-four days of custody and five years of felony probation. There is nothing in the Petition or in the records to suggest that Tatarinov ever appealed this judgment or sought any relief in the state courts until 2006. In this Petition, Tatarinov claims ineffective assistance of counsel – the same counsel who failed to file the appeal in the robbery case. The essence of the new claim seems to be that counsel's failure to complete the appeal in the robbery case created a conflict that prevented effective representation in the later petty theft case.

Case number 2034 differs from case number 2033 in one important way; since there already has been a federal habeas corpus addressing the same state judgment, that petition appears to be an improperly filed second or successive petition.

Otherwise, case numbers 2033 and 2034 seem to share some similar issues, including:

1.  Both petitions name as the Respondent the Superior Court of the State of California, County of San Diego. But, as the Petition indicates, Tatarinov has "completed the California state sentencing imposed upon him . . . ." (Pet. at 2.) I interpret this to be a concession that Tatarinov is no longer in physical custody, on parole, or on probation. This raises two issues: (1) Tatarinov appears to have named an incorrect respondent, *see Smith v. State of Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (A petition is subject to dismissal for failure to name an appropriate respondent); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (the proper respondent is the state officer currently having custody); and (2) Tatarinov appears no longer to be in the custody of any state

official, a jurisdictional prerequisite for habeas corpus relief, *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *see DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (A petitioner who has fully served his sentence and who is not subject to court supervision is not in custody within the meaning of section 2254);

2. Both petitions appear to be untimely – that is, not filed within the one-year statute of limitations;

3. Both petitions, in their captions, suggest that the petition is filed under the jurisdictional authority of 28 U.S.C. § 2241, but the proper jurisdictional basis is 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004) (§ 2254 is the proper jurisdictional basis for a state prisoner who claims to be unlawfully in state custody pursuant to a state judgment).

Dated: November 8, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General


    s/Kevin Vienna
KEVIN VIENNA
Supervising Deputy Attorney General
Attorneys for Respondent

80178576.wpd
SD2007802839

ATTACHMENT A

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
5   110 West A Street, Suite 1100
    San Diego, CA 92101
6   P.O. Box 85266
    San Diego, CA 92186-5266
7   Telephone: (619) 645-2198
    Fax: (619) 645-2191
8   Email: Kevin.Vienna@doj.ca.gov

9  Attorneys for Respondent

10

11                IN THE UNITED STATES DISTRICT COURT

12              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| 14 | DIMITRI VALLERVEICH TATARINOV, | 07cv2033-L (NLS) |
|---|---|---|
| 15 | Petitioner, | MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY TO PETITION FOR WRIT OF HABEAS CORPUS |
| 16 | v. | |
| 17 | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, | |
| 18 | Respondent. | |

20

21          Kevin R. Vienna declares:

22          I am the supervising deputy attorney general assigned to head our federal habeas corpus

23  team. I am requesting an extension of time in which to file our response in this matter for the

24  reasons set forth more fully below. In summary, the deputy to whom this matter should be assigned

25  (and to whom is now assigned the responsibility for preparing a response to Petitioner Tatarinov's

26  related petition now pending in this court, case number 07cv2034-JAH (POR) is out of the office

27  and unavailable to begin work on this matter until after November 26, 2007. As will be shown, both

28  matters are substantially the same and efficiencies will be achieved by assigning them to the same

1 | deputy, who has worked on the case in the past, Ms. Lane-Erwin.

2 | Moreover, upon my initial examination of the Petition, it appears to suffer from serious
3 | procedural defects, which may well deprive this Court of jurisdiction.

4 | Accordingly, I request this extension of time of one month to December 31, 2006, in which
5 | to file our response.

## A. Background

This matter was brought to my attention on November 7, 2007, when this office processed this Court's Order Setting Briefing Schedule for assignment to a deputy attorney general who would be responsible for preparing a response. It became apparent that Petitioner Tatarinov had filed two separate petitions in this Court on October 19, 2007. This matter was assigned case number 07cv2033-L (NLS) (hereinafter case 2033), the other matter was assigned case number 07cv2034 JAH (POR) (hereinafter case 2034). Case 2034 had been processed in this office a few days earlier, and it was assigned to Deputy Attorney General Sabrina Y. Lane-Erwin for preparation of a response. The matter was assigned to her because she had earlier handled a direct appeal involving Petitioner and had some familiarity with his circumstances. She filed a motion for an extension of time in which to file our response in case 2034, because we did not yet have access to underlying state records and because of a pre-paid vacation. (*See* Ex. A (motion).)

The next day, I became aware of the second case, now before this Court, case number 2033. I reviewed the files of case numbers 2033 and 2034. It appears that we ordered the relevant state records on November 2, 2007, to begin work on case number 2034.

In case number 2034, Tatarinov challenges a 1996 conviction in San Diego Superior Court for the crime of robbery. The essence of that claim is that he received ineffective assistance of counsel, who failed to file a timely brief on appeal, resulting in dismissal. Tatarinov filed a habeas corpus petition in this Court, challenging that underlying judgment, in 2002, in case number 02cv2029-W (BEN). Ultimately, that petition was dismissed as untimely, and a subsequent appeal was denied by the United States Court of Appeal for the Ninth Circuit, case number 03-56342.

For the Petition now pending before this Court, number 2033, Tatarinov challenges a 1998 conviction in San Diego Superior Court for petty theft with a prior theft related offense. Tatarinov

1 | pled guilty to the crime and was sentenced to thirty-four days of custody and five years of felony
2 | probation. There is nothing in the Petition or in the records to which I now have access to suggest
3 | that Tatarinov ever appealed this judgment or sought any relief in the state courts until 2006. (*See*
4 | Pet. at 5.) In this Petition, Tatarinov claims ineffective assistance of counsel – the same counsel who
5 | failed to file the appeal in the robbery case. The essence of the new claim seems to be that counsel's
6 | failure to complete the appeal in the robbery case created a conflict that prevented effective
7 | representation in the later petty theft case. (Pet. at 6.)

8 | Case number 2034 differs from case number 2033 in one important way; since there
9 | already has been a federal habeas corpus addressing the same state judgment, that petition appears
10 | to be an improperly filed second or successive petition.

11 | Otherwise, case numbers 2033 and 2034 seem to share some similar issues, including:
12 | 1. Both petitions name as the Respondent the Superior Court of the State of California,
13 | County of San Diego. But, as the Petition indicates, Tatarinov has "completed the
14 | California state sentencing imposed upon him . . . ." (Pet. at 2.) I interpret this to be a
15 | concession that Tatarinov is no longer in physical custody, on parole, or on probation.
16 | This raises two issues: (1) Tatarinov appears to have named an incorrect respondent, *see*
17 | *Smith v. State of Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (A petition is subject to
18 | dismissal for failure to name an appropriate respondent); *Stanley v. California Supreme*
19 | *Court*, 21 F.3d 359, 360 (9th Cir. 1994) (the proper respondent is the state officer currently
20 | having custody); and (2) Tatarinov appears no longer to be in the custody of any state
21 | official, a jurisdictional prerequisite for habeas corpus relief, *Maleng v. Cook*, 490 U.S.
22 | 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *see DeLong v. Hennessey*, 912
23 | F.2d 1144, 1146 (9th Cir. 1990) (A petitioner who has fully served his sentence and who
24 | is not subject to court supervision is not in custody within the meaning of section 2254);
25 | 2. Both petitions appear to be untimely – that is, not filed within the one-year statute of
26 | limitations;
27 | 3. Both petitions, in their captions, suggest that the petition is filed under the jurisdictional
28 | authority of 28 U.S.C. § 2241, but the proper jurisdictional basis is 28 U.S.C. § 2254.

1      *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir 2004) (§ 2254 is the proper jurisdictional
2      basis for a state prisoner who claims to be unlawfully in state custody pursuant to a state
3      judgment).
4      Because of these related issues, I believe these two matters are best handled by the same
5 deputy attorney general. Ms. Lane-Erwin represented the State in Tatarinov's 2006 appeal of a state
6 court's denial of his late attempt to obtain a new trial in the robbery case, so she possesses the most
7 familiarity with Tatarinov and the issues he raises. Moreover, current workloads in the office would
8 prevent any deputy from commencing work on this new project in less time than that, unless they
9 were to place this matter ahead of matters for which this Court and other courts have previously
10 issued orders to respond.
11      As Ms. Lane-Erwin stated in her declaration requesting an extension of time in case 2034,
12 we are seeking necessary state-court records to permit filing a proper response. Accordingly, I am
13 asking the Court to grant an extension of time of one month within which to prepare our response.
14      Granting of an enlargement of time will permit the response to be prepared without
15 impairing quality and will afford adequate time to obtain and copy necessary records, for review and
16 processing in this office, and for filing in this Court. All extension requests and progress are
17 monitored by the senior assistant attorney general in charge of this office.
18 ///
19 ///
20 ///

07cv2033

4

ATT- 4

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Dated: November 8, 2007

4  Respectfully submitted,

5  EDMUND G. BROWN JR.
   Attorney General of the State of California

6  DANE R. GILLETTE
   Chief Assistant Attorney General

7  GARY W. SCHONS
8  Senior Assistant Attorney General

10   s/Kevin Vienna
   KEVIN VIENNA
11 Supervising Deputy Attorney General
   Attorneys for Respondent
12

14 80178480.wpd
   SD2007701085

5

07cv2033

ATT- 5

**CERTIFICATE OF SERVICE**

Case Name:  **Tatarinov v. Superior Court**

No.:  **07cv2034 JAH (POR)**

I declare:

On <u>November 8, 2007</u>, I electronically filed the following document(s):

**NOTICE OF RELATED CASES**

**Electronic Mail Notice List**

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

Patricia Lynn Jacks
**E-mail Address:** pjacks@san.rr.com
Attorney for Dimitro Tatarinov

**Manual Notice List**

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

NONE

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 8, 2007</u>, at San Diego, California.

| Bonnie Peak | *[signed]* Bonnie Peak |
|---|---|
| Declarant | Signature |

SD2007802839
80178586.wpd