Patricia Lynn Jacks
Attorney at Law
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner

FILED

07 NOV 16 AM 9: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Dmitri Vallerveich TATARINOV,

   Petitioner,

    vs.

Superior Court of the State of California,
County of San Diego; Office of the Chief
Counsel, Dept. of Homeland Security; U.S.
Attorney, Southern District; ICE Detention &
Removal Unit

   Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 07cv2034 JAH POR

USICE No. A72 779 308

FIRST AMENDED PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C.
§2241

# TOPICAL INDEX FOR CASE

TABLE OF AUTHORITIES...........................................................................iii, iv

INTRODUCTION............................................................................................1

JURISDICTION...........................................................................................3

MOOTNESS................................................................................................4

STATEMENT OF THE CASE.............................................................................5

STATEMENT OF FACTS................................................................................8

ARGUMENTS

I.    Attorney's misconduct in permitting defendant's state appeal to be dismissed, in lying about the status of the dismissed appeal, and representing that nothing could be done to revive the appeal, requires a finding of counsel's failure to act competently resulting in ineffective assistance of counsel violating the Due Process Clause of the Fourteenth Amendment....................................................11

ll.    Attorney's misconduct in permitting defendant's state appeal to be dismissed, in lying about the status of the dismissed appeal, failure to file a "Wende brief" to protect defendant's rights, and representing that nothing could be done to revive the appeal, requires a finding of counsel's failure to act competently resulting in ineffective assistance of counsel violating the Sixth Amendment guarantee that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.   A showing of prejudice is presumed where counsel failed to file an appeal after consulting defendant and defendant instructed counsel to file the appeal....................................................................12

III.    The nonstatutory motion to vacate is made on grounds that could not have been raised on direct appeal from the judgment itself and is not a duplicate appeal

from the judgment itself......................................................................................15

IV.    This  motion is timely filed as the substantial rights of the defendant are

adversely affected by the immigration proceedings defendant is facing.............17

CONCLUSION.....................................................................................................19

CERTIFICATE OF COMPLIANCE……………………………………………..20

PROOF OF SERVICE..........................................................................................21

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

<u>CASES</u>

*Anders v. California*, 386 U.S. 738 (1967)...................................................12

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)................................4

*Douglas v. California*, 372 U.S. 353 (1963)...........................................3, 11

*Entsminger v. Iowa*, 386 U.S. 748 (1967)....................................................12

*Evitts v. Lucey*, 469 U.S. 387 (1985)........................................................4, 11

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)...........................14

*Manning v. Foster* 224 F3d 1129, 1135-1136 (9th Cir. 2000).....................14

*Mooney v. Holohan* (1935), 294 US 103.......................................................17

*Murguia v. Municipal Court* 15 Cal.3d 286, 124 (1975)............................17

*Peguero v. U.S.*, 119 S.Ct. 961,965 (1999)..................................................14

*People v Banks*, 53 Cal 2.d 370.................................................................16

*People v. Fosselman* 33 Cal.3d 572, 189 (1983)........................................17

*People v. Gallardo* 77 Cal.App.4th 971,981 (2000)..............................15

*People v. Superior Court (Zamudio)* 23 Cal.4th 183 (2000)......................18

*People v. Thomas* 52 Cal.2d 521, 527 (1959)............................15, 16

*People v. Totari* 28 Ca.4th 876 (2002)........................................................16

*Roe v. Flores-Ortega*, 120 S.Ct. 1029, 1038, (2000)................................14

*Rodriquez v. U.S.*, 395 U.S. 327 (1969)...................................12, 13, 14, 16

*State Bar of California v. Vladimir Verhovskoy*, 01-O-00503 (2002).......10

*Strickland v. Washington*, 466 U.S. 668 (1984) ................................13, 14

*United States v. Cronic*, 466 U.S. 648,659 (1984)....................................14

## CONSTITUTION AND STATUTES

U.S. Const. 6th Amendment………………………….......13, 14, 15, 16, 19

U.S. Const. 14th Amendment………………………….......3, 11, 12, 16, 19

28 U.S.C. §2241……………………………………………………………….2, 19

28 U.S.C. §2241(c)(1)……………………………………………………….4

28 U.S.C. §2254…………………………………………………………….2

28 U.S.C. §2254(a)……………………………………………………….3, 4

28 U.S.C. §2255………………………………………………...………....2

## IMMIGRATION AND NATIONALITY ACT

237(a)(2)(A)(i)………………………………………..…..……….4, 5, 11

## CALIFORNIA PENAL CODE

§148..............................................................................................5

§211..............................................................................................5

§1237..............................................................................15, 17, 18

Patricia Lynn Jacks
Attorney at Law
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>　　　　　Petitioner,<br><br>　　　vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit<br><br>　　　　　Respondents. | Civil No. 07cv2034 JAH POR<br><br>USICE No.    A72 779 308<br><br>FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 |

## INTRODUCTION

Mr. Tatarinov moves to reinstate his post-conviction nonstatutory motion to vacate a judgment entered after court trial on grounds of ineffective assistance of counsel, or vacate the verdict from the Superior Court of the State of California case number SCD 119330 on the grounds that he received ineffective assistance of counsel during the appeal phase of the trial rendering these critical stages constitutionally inadequate, in violation of the state and federal rights to the effective assistance of counsel and due process.  The collateral consequences of the conviction are the deportation of Mr. Tatarinov and as such the case and controversy still exist.

The Supreme Court has held that it possesses jurisdiction under 28 U.S.C. §2241 to grant on "original" writ of habeas corpus to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or 2255. Under 28 U.S.C. §2255, "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Likewise under U.S.C. §2254, a petition may be filed on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Mr. Tatarinov has completed the California state sentencing imposed upon him by this conviction, but, because of the collateral consequences of deportation, he is being detained under Federal custody by Immigration Customs Enforcement. He respectfully moves that the court grant his U.S.C. §2241 writ and vacate the judgment based upon the violation of his constitutional rights.

A California jury convicted Mr. Tatarinov of robbery on a theory that he shoplifted merchandise from a Nordstrom store, and then assaulted a store employee after being confronted in the parking lot. Excerpts of Record, p. 77. At trial, testimony presented by the prosecution and the defense provided conflicting descriptions of a fight that occurred between Mr. Tatarinov and store security agents in the parking lot. Nordstrom agents said they followed Mr. Tatarinov into the parking lot to question him about shoplifting and he assaulted

2

them after being asked to return to the store.  Conversely, Mr. Tatarinov testified that when he started to enter his car in the parking lot, a Nordstrom agent assaulted him without provocation.  Trial counsel argued that Mr. Tatarinov did not commit robbery because he used force against the Nordstrom personnel not to avoid arrest, but as a lawful response to excessive force.  Excerpts of Record, pp. 46-57 ,77.

A basic issue at trial involved the difference between petty theft and robbery.  The court gave the jury special instructions explaining the difference between those two offenses.  However, the court's instructions effectively told the jury that Mr. Tatarinov had no right to use force against the Nordstrom security agents, even if they used unreasonable force to arrest him.  Had Mr. Tatarinov's state appeal been heard on the merits, it is reasonably probable those instructions would have required reversal of the robbery conviction.  A properly instructed jury would likely convict Mr. Tatarinov of misdemeanor theft, and not robbery.  Excerpts of Record, pp. 46-57.  Mr. Tatarinov was prejudiced by Attorney Verhovskoy's failure to act because Mr. Tatarinov had meritorious legal issues to present on appeal.  Excerpts of Record, pp. 1-2, 6, 9-10, 46-57, 77-78.

## JURISDICTION

The denial of effective assistance of counsel during the appeal phase of the trial is a violation of the U.S. Constitution.  The Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right.  *Douglas v. California*, 372 U.S. 353 (1963).

A Federal court does not have subject matter jurisdiction over a habeas petition unless the petitioner is "in custody" within the meaning of 28 U.S.C.

3

§2254(a). Although Mr. Tatarinov is no longer in state custody or state probation from this conviction, Mr. Tatarinov is currently in custody by the Immigration and Customs Enforcement Detention and Removal Center located in San Diego, CA. Mr. Tatarinov was found removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude from this conviction. Excerpts of Record, pp. 115-117.   U.S.C. §2241(c)(1) allows the filing of a writ of habeas corpus to a prisoner if "he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;" In habeas corpus proceedings attacking a criminal conviction, the case or controversy requirement normally is satisfied, even after all potential custody has expired. Habeas jurisdiction is therefore proper.

MOOTNESS

Collateral consequences from a state judgment or order may used to establish that the case is not moot. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Such consequences include the "inability to vote, engage in certain businesses, hold public office, or serve as a juror." (Id. At 237-238). A conviction usable in a "persistent felony offender" prosecution is a collateral consequence that defeats any mootness objections when a habeas petitioner is no longer in custody. *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985). Here, Mr. Tatarinov overcomes mootness because under California's "Three Strikes" law, Mr. Tatarinov's robbery conviction can be used to increase the punishment for subsequent felonies. Likewise, the conviction resulted in the serious collateral consequence of affecting his immigration status making him removable as an

4

alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude. Excerpts of Record, pp. 115-117.

## STATEMENT OF THE CASE

Mr. Tatarinov was charged in the California Superior Court with one count of second degree robbery in violation of California Penal Code section 211, and one count of interfering with a police officer in violation of California Penal Code section 148. A jury convicted Mr. Tatarinov of robbery but acquitted him of violation section 148 in August 1996. The superior court granted probation. Excerpts of Record, p. 77.

Mr. Tatarinov filed a timely notice of appeal to the California Court of Appeal. The appeal was subsequently dismissed on April 28, 1997 after Mr. Tatarinov's retained attorney, Mr. Verhovskoy, (Verhovskoy), failed to file a written brief. Excerpts of Record, p. 10. Verhovskoy thereafter intentionally misled Mr. Tatarinov and his wife about the status of the appeal. Excerpts of Record, pp. 2-4, 6-7, 77-78. Finally, Mr. Tatarinov's wife learned through her own efforts that the appeal had been dismissed. Verhovskoy then filed an unsuccessful motion to reinstate the appeal. By then, more than two years had passed since the appeal's dismissal. Excerpts of Record, pp. 3, 78.

In December 2000 Verhovskoy sent Mr. Tatarinov a letter terminating his representation. Excerpts of Record, pp. 4, 30, 78. The California State Bar subsequently suspended Verhovskoy and commenced disciplinary proceedings against him. Excerpts of Record, pp. 78, 131-134. During the summer of 2001, Mr. Tatarinov's wife spoke to an attorney who informed her that it might be

5

possible to reinstate the California appeal. Excerpts of Record, p. 4.  Mr. Tatarinov thereafter retained Attorney Jerome P. Wallingford.  On August 20, 2001, Attorney Wallingford filed a "Motion to Recall Remittitur, Vacate Dismissal and Reinstate Appeal."  The California Court of Appeal denied the motion in an order dated September 20, 2001.  Excerpts of Record, p. 34.  Mr. Tatarinov then filed a timely petition for review in the California Supreme Court. It was considered as case S101020 and denied December 21, 2001.  Excerpts of Record, p. 36.

On February 15, 2002, Mr. Tatarinov filed a petition for writ of habeas corpus in the California Court of Appeal.  The Attorney General filed an informal response pursuant to an order by the Court of Appeal.  On June 25, 2002, the Court of Appeal filed its order denying the petition.  Excerpts of Record, p. 38.   Only July 3, 2002, Mr. Tatarinov filed a timely petition for review in the California Supreme Court from denial of the petition for writ of habeas corpus.  It was considered as case S108092 and denied August 28, 2002. Excerpts of Record, p. 40.

Having exhausted his state court remedies, Mr. Tatarinov filed a petition for writ of habeas corpus in the United States District Court on October 11, 2002. Excerpts of Record, p. 42.  The State of California filed a motion to dismiss the habeas petition, alleging a violation of the one-year AEDPA statute of limitations.  After reviewing briefs filed by the parties, United States Magistrate Judge Roger Benitez issued a Report and Recommendation on April 2, 2003, recommending that the District Court grant Respondent's motion to dismiss the habeas petition as time-barred.  Mr. Tatarinov filed timely objections to the Report.  Excerpts of Record, pp. 59-74, 78.  On June 16, 2003, District Judge

6

Thomas J. Whelan filed an order adopting the Report and Recommendation. A final judgment was filed that same date. Excerpts of Record, pp. 76, 88.

Mr. Tatarinov filed a timely notice and appeal and requested a certificate of appealability on July 11, 2003. Excerpts of Record, pp. 90, 94. The District Court thereafter denied a certificate of appealability on July 30, 2003. On October 23, 2003, the United States Court of Appeal Ninth District filed an order granting a certificate of appealability with respect to whether the district court properly denied appellant's federal habeas corpus petition as untimely. Excerpts of Record, p. 95. On August 11, 2004, the United States Court of Appeals for the Ninth Circuit held that the 2002 petition was untimely. Excerpts of Record, pp. 96-98. On August 25, 2004, Mr. Tatarinov filed a Petition for Rehearing. Excerpts of Record, pp. 99-105. On September 28, 2004, the United States Court of Appeals for the Ninth Circuit denied the Petition for Rehearing. Excerpts of Record, p.106.

Having exhausted his state and federal court remedies to reinstate his appeal, Mr. Tatarinov filed a post-conviction nonstatutory motion to vacate a judgment entered after court trial on grounds of ineffective assistance of counsel on October 23, 2006 in the Superior Court of California, County of San Diego. Excerpts of Record, pp. 107-126. The Honorable Judge Jeffrey F. Fraser denied the nonstatutory motion ruling that the trial court lacked jurisdiction to vacate the judgment. On November 2, 2006, a notice of appeal was filed with Court of Appeal - State of California. Excerpts of Record, p. 127. On June 1, 2007 the appeal was dismissed after Respondent's motion to dismiss based on lack of jurisdiction. Excerpts of Record, p. 136. On June 12, 2007 a Petition for Review was filed in the Supreme Court of California. On September 12, 2007

7

the petition for review was denied.  Excerpts of Record, p. 137

## STATEMENT OF FACTS

The California Superior Court placed Mr. Tatarinov on probation for robbery.  Verhovskoy filed a timely notice of appeal and notified the Court of Appeal he would represent petitioner.  Excerpts of Record, p. 10.  Subsequently, the Court of Appeal issued a notice advising Verhovskoy the appeal would be dismissed if he failed to file the opening brief within 30 days.  On April 28, 1997, the court dismissed the appeal.  The docket shows that on September 10, 1997, a dismissal order mailed to petitioner was returned, marked "unable to forward."  Excerpts of Record, p. 10.

Two years later, Verhovskoy filed a "Motion to Set Aside Dismissal and Reinstate Appeal."  Excerpts of Record,  pp. 11, 14-22.  Verhovskoy asserted, in conclusory terms, the "default was solely the result of counsel's inadvertence, surprise, and/or neglect, and said dismissal was entered through no fault of appellant."  Excerpts of Record, pp. 15, 21.  Verhovskoy's declaration said he failed to file the opening brief "due to financial and medical catastrophes."  Excerpts of Record,  p. 22.  The motion did not explain the two-year delay.  Excerpts of Record, pp. 14-22.  The Court of Appeal denied the motion summarily by an order dated September 24, 1999.  Excerpts of Record,  p. 24.

Verhovskoy represented petitioner on other matters during 1996 through December 24, 2000.  In 1996, 1997 and 1998, petitioner and his wife frequently asked Verhovskoy about status of the appeal from the robbery conviction.  Verhovskoy misled them by making statements like, "appeals can take years," "the appeals court must believe we have some merit to the case as they have not responded," "I will call and check on the status," and "the court is still looking at

the matter." Excerpts of Record, pp. 2-4, 6-7.

During the summer of 1998, Mr. Tatarinov's wife called the court in an effort to obtain status on the appeal. She was informed there was no active appeal from case SCD119330. She immediately called Verhovskoy. He admitted that was true. She asked him to explain the problem to her husband. Mr. Tatarinov's wife does not speak Russian, and she knew it would be difficult to explain the situation to her husband. Verhovskoy waited months before telling Mr. Tatarinov. Then, in September 1999, after much prodding, Verhovskoy unsuccessfully filed the "Motion to Set Aside Dismissal and Reinstate Appeal." Excerpts of Record, pp. 3, 11, 14, 24. After that motion was denied, Verhovskoy led Mr. Tatarinov and his wife to believe nothing could be done to revive the case. Verhovskoy recommended a motion asking the Superior Court to expunge the conviction. Excerpts of Record, pp. 3-4, 26-27.

Verhovskoy thereafter continued to represent Mr. Tatarinov in this matter in Superior Court. During April 2000, he filed a motion in the Superior Court to terminate probation. The Superior Court denied the motion and denied a spontaneous motion for expungement. Excerpts of Record, p. 26. In October 2000, Verhovskoy filed a second motion seeking termination of probation. The Superior Court denied it on November 3, 2000. The minute order says Mr. Tatarinov is "to remain at liberty on probation." Probation in case SCD119330 terminated on October 18, 2002. Excerpts of Record, pp. 27-28.

In December 2000, Verhovskoy continued to represent Mr. Tatarinov on an immigration matter. Verhovskoy had recently asked for a payment of $500, which was promptly paid. On December 24, 2000, Mr. Tatarinov received a letter from Verhovskoy. It stated Verhovskoy would no longer represent Mr.

9

Tatarinov, and advised him to retain other counsel.  The letter provided no explanation.  Excerpts of Record, pp. 4, 30.  On January 19, 2001, Mr. Tatarinov received a notice from the California State Bar indicating Verhovskoy was "suspended from the practice of law in the State of California for a period of sixty (60) days."  Mr. Tatarinov retained another attorney to represent him in the immigration matter.  Excerpts of Record, pp. 4, 115.

On January 28, 2000, Mr. Tatarinov filed a Complaint Form with The State Bar of California regarding Verhovskoy's failure to file the appeal and nonperformance in other legal matters.  Excerpts of Record, pp. 128-130.  The State Bar of California assigned case number 01-O-00503 and the disciplinary case settled on September 30, 2002. By failing to prepare and file appellate briefs and not notifying Mr. Tatarinov of his actions, Verhovskoy was found to have failed "to perform legal services with competence, in violation of Rules of Professional Conduct, rule 3-110(A)."  Excerpts of Record, pp. 131-134

During the summer of 2001, Mr. Tatarinov's wife spoke to an attorney who said it might be possible to reinstate the appeal.  Mr. Tatarinov thereafter retained Attorney Jerome P. Wallingford, who thereafter proceeded to exhaust available state and federal court remedies.  Excerpts of Record, pp. 4, 78.

On January 6, 1995, Mr. Tatarinov was granted Conditional Permanent Resident Status based upon his marriage.  In December 1996, he filed a petition to remove that status.  That application was not adjudicated until several years later.  In fact, it was not until Mr. Tatarinov was in Removal Proceedings that the Immigration and Naturalization Service decided to remove the condition, making him a Lawful Permanent Resident.  As a result of his convictions, Mr. Tatarinov was placed in removal proceedings on June 24, 1998.  The Immigration Judge

found him removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude. Excerpts of Record, pp. 115-117.

## ARGUMENTS

I.      Attorney's misconduct in permitting defendant's state appeal to be dismissed, in lying about the status of the dismissed appeal, and representing that nothing could be done to revive the appeal, requires a finding of counsel's failure to act competently resulting in ineffective assistance of counsel violating the Due Process Clause of the Fourteenth Amendment

*Douglas v. California*, 372 U.S. 353 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S. Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387 (1985) posed a factual situation similar to Mr. Tatarinov's case. The retained counsel filed a timely notice of appeal to the Court of Appeals of Kentucky but counsel then failed to file a statement of appeal when he filed his brief and the record on appeal. The Commonwealth filed a motion to dismiss the appeal for failure to file a statement of appeal and the Kentucky Court of Appeals granted the dismissal motion. For the next "seven years respondent unsuccessfully pursued every avenue open to him in an effort to obtain a decision on the merits of his appeal and to prove that his conviction was unlawful." *Evitts* held that "Nominal representation on an appeal as of right - like nominal

11

representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Although Mr. Tatarinov retained Verhovskoy to perfect his appeal, Verhovskoy's failure to file the appellate brief resulted in ineffective representation and no counsel at all. Similarly, in *Anders v. California*, 386 U.S. 738 (1967), counsel's failure to submit a brief on appeal, and in *Entsminger v. Iowa*, 386 U.S. 748 (1967), counsel's waiver of the petitioner's right to a full transcript, rendered the subsequent judgments against the petitioners unconstitutional.

Mr. Tatarinov retained Verhovskoy to file his appeal. Verhovskoy failed to file the appellate brief causing the dismissal of the appeal and misled Mr. Tatarinov for several years regarding the status of the appeal. After Mr. Tatarinov learned that the appeal had been dismissed, Verhovskoy continued to lie, deceive and provide misinformation to Mr. Tatarinov hiding the fact he had acted incompetently. Verhovskoy's failure to file a brief resulted in the dismissal of Mr. Tatarinov's appeal, violating the Fourteenth Amendment Due Process clause guaranteeing that Mr. Tatarinov have effective assistance of counsel on his first appeal as of right and as such, the judgment against Mr. Tatarinov should be rendered unconstitutional.

II.    Attorney's misconduct in permitting defendant's state appeal to be dismissed, in lying about the status of the dismissed appeal, failure to file a "Wende brief" to protect defendant's rights, and representing that nothing could be done to revive the appeal, requires a finding of counsel's failure

12

to act competently resulting in ineffective assistance of counsel violating the Sixth Amendment guarantee that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. A showing of prejudice is presumed where counsel failed to file an appeal after consulting defendant and defendant instructed counsel to file the appeal.

Verhovskoy failed to honor Mr. Tatarinov's request to file an appeal by not submitting the brief. *Rodriquez v. U.S.*, 395 U.S. 327 (1969), held that a lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner and "those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated." The petitioner in the *Rodriquez* case was of "Mexican descent and that his knowledge of the English language was limited. He further contended that his retained counsel had fraudulently deprived him of his right to appeal." In Mr. Tatarinov's case, we have a Russian immigrant who specifically retained a Russian-speaking lawyer as Mr. Tatarinov's knowledge of the English language was limited. Although Verhovskoy filed the notice of appeal, he did not file the brief, failing to perfect an appeal on behalf of Mr. Tatarinov. This failure to perfect the appeal and lying to Mr. Tatarinov regarding the appeal "fraudulently deprived" Mr. Tatarinov of his appeal.

Following the *Rodriquez* ruling, *Strickland v. Washington*, 466 U.S. 668

13

(1984) provided a framework for evaluating counsel's performance. Under *Strickland* "The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Verhovskoy's conduct of failing to prepare and file the appellate brief was of such deficient performance that Mr. Tatarinov was denied his right of appeal. "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668 (1984). "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."" *United States v. Cronic*, 466 U.S. 648, 659 (1984). The failure by Verhovskoy to file the appellate brief was a "complete denial of counsel during a critical stage of a judicial proceeding" violating Mr. Tatarinov's rights under the Sixth Amendment.

Under *Roe v. Flores-Ortega*, 120 S.Ct. 1029, 1038, (2000) "where an attorney fails to file an appeal, and the petitioner can prove that he would have appealed "but for" counsel's failure to file, prejudice is presumed." See also *Rodriquez v. U.S.*, 395 U.S. 327 (1969); *Peguero v. U.S.*, 119 S.Ct. 961,965 (1999) (discussing *Rodriquez*); *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam); and *Manning v. Foster* (9th Cir. 2000) 224 F3d 1129, 1135-1136, prejudice presumed where defense counsel (i) failed to file appeal after defendant's specific request to do so. Mr. Tatarinov timely instructed

Verhovskoy of his desire to appeal in person, by telephone, and by remitting payment for the appeal. Verhovskoy acknowledged Mr. Tatarinov's timely direction to appeal in person, by telephone, by invoice and to the California State Bar Investigative Unit. Thus Mr. Tatarinov has demonstrated that, "but for his attorney's errors, he would have appealed his sentence." Mr. Tatarinov has shown "prejudice" and requests a reversal of his conviction based on Verhovskoy's ineffective assistance at a crucial phase of the adversarial process which violated Mr. Tatarinov's rights under the Sixth Amendment.

III.    The nonstatutory motion to vacate is made on grounds that could not have been raised on direct appeal from the judgment itself and is not a duplicate appeal from the judgment itself.

Under California law, a defendant may appeal from an order made after judgment, affecting the substantial rights of the defendant. Penal Code § 1237 (a) &( b). An appeal from a post-judgment motion to vacate a guilty plea based on a claim of ineffective assistance of counsel will be appealable since the basis for the claim is generally not contained in the record and could not have been raised on direct appeal. This is the "silent record exception" - an appeal is allowed where the record on appeal from the judgment would not have shown the error sought to be asserted. Penal Code section 1237 allows an appeal where the record on appeal from the judgment would not have shown the claim of ineffective assistance of counsel and extra-record evidence of counsel's performance is presented in the motion to vacate. *People v. Gallardo* 77 Cal.App.4th 971, 981 (2000).

The denial of a nonstatutory motion to vacate is appealable where the basis of the motion raises matters outside the records of the case. *People v. Thomas*

15

(1959) 52 Cal.2d 521. "Thomas was appealing from a nonstatutory post-judgment motion to vacate. "Because the grounds supporting a nonstatutory motion are not specifically defined, the "no second appeal" rule serves as a procedural device to discourage defendants from raising any post-judgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*People v. Banks*, 53 Cal 2.d at p 380.)" *People v. Totari* (2002) 28 Cal.4th 876. Appellant's claim on ineffective assistance of counsel could not have been raised before imposition of judgment or by way of direct appeal from the original judgment. Appellant's original appellate attorney's ineffective assistance of counsel happened during the appeal phase of the proceedings.

Verhovskoy's failure to submit a brief for the direct appeal constitutes ineffective assistance of counsel. *Rodriguez v. U.S.*, 395 U.S. 327 (1969), "a lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner."

As a result of his conviction Mr. Tatarinov was found to be removable as an alien convicted of a crime of moral turpitude and is deportable. As such, the ruling denying a nonstatutory motion to vacate judgment would qualify based upon the violation of Mr. Tatarinov's Sixth and Fourteenth Amendment rights by the actions of Verhovskoy as an order after judgment affecting Mr. Tatarinov's substantial rights and is therefore appealable.

The Court of Appeal - State of California, Fourth Appellate District, Division One granted Respondent's motion to dismiss. The Respondent's motion stated that the "trial court lacked jurisdiction," and therefore the appeal was from an "unappealable order." In *People v Banks*, (1959) 53 al.2d 370, the

16

court exercised its inherent power to accept an appeal from an apparently unappealable order denying a post-judgment motion to vacate a guilty plea because the defendant raised an important constitutional question of first impression.

For every constitutional violation there must be a remedy.  "Fundamental jurisdictional defects, like constitutional defects, do not become irremediable when a judgment of conviction becomes final without appeal (or even after affirmance on appeal)." *Mooney v. Holohan* (1935), 294 US 103.  California courts must entertain nonstatutory motions to invalidate particular stages of a criminal case, even entire criminal convictions, on constitutional grounds.  This rule – that constitutional violations must find a remedy even if no statute provides one – has been specifically applied to claims of ineffective counsel. *Murguia v. Municipal Court* 15 Cal.3d 286, 124 (1975); *People v. Fosselman* 33 Cal.3d 572, 189 (1983).  The court therefore has inherent authority to grant a post-judgment nonstatutory motion to vacate a judgment when the constitutional rights of the accused have been violated.

IV.    This motion is timely filed as the substantial rights of the defendant are adversely affected by the immigration proceedings defendant is facing.

California Penal Code Section 1237, provides that a defendant may appeal from "a final judgment of conviction (§1237, subd. (a)) or from "any order made after judgment, affecting the substantial rights of the party" (§1237, subd. (b)).  This permits an appeal from any post judgment order that affects the "substantial rights" of the defendant, the right to appeal is limited by the qualification that, ordinarily, no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the

17

judgment." Mr. Tatarinov's nonstatutory motion to vacate brought in the San Diego Superior Court is based on ineffective assistance of counsel and does not address grounds that would have been reviewed on appeal.

There is no time limit in which the California Penal Code Section 1237 motion may be made. Mr. Tatarinov has been in Removal Proceedings with the Immigration and Naturalization Service proceedings since June 24, 1998. On February 9, 2007 the United States Court of Appeals denied his Petition and he was ordered to surrender to the nearest Immigration and Customs Enforcement, Detention and Removal Office by March 6, 2007. Mr. Tatarinov is currently in custody with Immigration Customs Enforcement awaiting deportation stemming from the conviction in this case. "[A] motion is timely if brought within a reasonable time after the conviction actually 'may have' such consequences." *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183. Therefore, the post-conviction nonstatutory motion to vacate a judgment entered after court trial on grounds of ineffective assistance of counsel was timely as the actual collateral consequences of his conviction are now being realized.

18

## CONCLUSION

The consequences of Mr. Tatarinov's failure to receive competent representation are a reversal of the conviction and for this reason, Mr. Tatarinov asks this Court to grant his petition under 28 U.S.C. §2241 to vacate the judgment entered on grounds of ineffective assistance of counsel resulting in violations of Mr. Tatarinov's rights under the Sixth and Fourteenth Amendments.

Respectfully submitted,

*Patricia Ly Jacks*

Patricia Lynn Jacks

Attorney for Petitioner

19

1

2

3

4

Certificate of Compliance Pursuant to Fed. R. App. P.

32(a)(7)(C) and Circuit Rule 32-1 for

DMITRI VALLERVEICH TATARINOV, Petitioner

5

6

7

The brief is proportionately spaced, has a typeface of 14 points or more and contains <u>5,806</u> words.

8

9

10

*Patricia Lynn Jacks*

11

Patricia Lynn Jacks

12

Attorney for Petitioner

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20